IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD BYBLE<br>9012 Quantum Square Drive<br>Columbus, Ohio, 43240<br><br>    On behalf of himself and all<br>    others similarly situated,<br><br>    v.<br><br>DIAMOND CUT LAWN & LANDSCAPE, LLC<br>c/o Joseph Glinski III, Statutory Agent<br>1190 Wedgewood Terrace<br>Westerville, Ohio, 43802<br><br>  -and-<br><br>JOSEPH GLINSKI III<br>1190 Wedgewood Terrace<br>Westerville, Ohio, 43802<br><br>    Defendants. | ))))))))))))))))))))) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

    Plaintiff Edward Byble brings this action on behalf of himself and all those similarly situated against Defendants Diamond Cut Lawn & Landscape, LLC and Joseph Glinski III, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq* and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 et seq. Byble's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claim is asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

The Employee's Attorney.™ 

## PARTIES

1. Byble is an adult individual residing at 9012 Quantum Square Drive, city of Columbus, county of Franklin, state of Ohio. Byble has consented in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A copy of Byble's consent form is attached hereto as Exhibit 1.

2. Diamond Cut Lawn & Landscape, LLC ("Diamond") is an Ohio limited liability company which maintains its principal place of business at 7404 Worthington Road, Westerville, Ohio, 43082.

3. Diamond forms a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. During all times material to this Complaint, Diamond was Byble's and members of the opt-in classes' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

5. At all times referenced herein, Glinski III ("Glinski") was the owner, president, and CEO of Diamond.

6. During all times material to this Complaint, Glinski supervised and/or controlled Plaintiffs and the putative class' employment with Diamond, controlled the day-to-day operations of Diamond, acted directly or indirectly in the interest of Diamond in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

7. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 20 of the Complaint.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.



9. This Court has personal jurisdiction over Diamond because it is a limited liability corporation that is registered to conduct business in this District, and at all times material to the allegations contained herein, conducted substantial business in this District and had sufficient minimum contacts within this District.

10. This Court has personal jurisdiction over Glinski, because at all times referenced in the Complaint, he maintained control, oversight, and direction over the operation of Diamond's facilities and operations, including its employment practices.

11. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and always have been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendants were registered to conduct business in the state of Ohio and/or conducted substantial business in the state of Ohio.

## FACTS

12. Diamond holds itself out as "a one stop professional lawn and landscape service."

13. Diamond also offers construction services. *See* Diamond Webpage, attached hereto as Exhibit A.

14. Byble is a former hourly-employee of Diamond, where he was employed as a laborer and/or landscaper.

15. Byble was first hired by Diamond on or around June 26, 2016.

16. Byble and those similarly situated were not permitted to record their hours while working for Diamond; instead, Diamond's management would record the hours of its hourly employees.

17. At all times material to the Complaint, Byble and those similarly situated were subjected to the following unlawful practices:



a. Defendants did not record all hours worked by Byble or those similarly situated; this includes time Byble and those similarly situated spent at Diamond's facilities for the purposes of loading and unloading trucks and then travelling to and from Diamond's facilities and job sites. This time was compensable because it was all in a day's work. See *Chao v. Akron Insulation & Supply, Inc.*, N.D.Ohio No. 5:04-CV-0443, 2005 WL 1075067, *1, aff'd, 184 Fed.Appx. 508 (6th Cir.2006);

b. Defendants unlawfully "rounded" and "shaved" the hours they recorded for Byble and those similarly situated;

c. Defendants unlawfully paid Byble and those similarly situated a flat hourly rate for all recorded hours, to include recorded hours over 40 in a given week.

18. Byble and several other Diamond employees routinely complained to Glinski and other Diamond managers about Diamond's failure to pay them for all hours worked or overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Byble restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

20. Byble brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by Diamond Cut Lawn & Landscape, LLC as laborers and/or landscapers and who were not paid for all hours worked, and/or overtime compensation at a rate of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

21. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraph 14 of the Complaint, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Diamond's companywide practices fail to properly compensate the FLSA Class Members for all hours worked.



## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Byble restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

23. During all times material to this Complaint, Diamond was a covered employer under the FLSA because it is and was an enterprise whose annual gross volume of sales made or business done is not less than $500,000 and which had two or more employees.

24. During all times material to this complaint, Byble and the FLSA Class Members were individually covered under 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act ("FLSA") because their primary job duties included transporting landscaping and construction equipment and materials to Diamond's customer's homes and businesses, and because Byble and those similarly situated handled, sold, or otherwise worked or used goods or materials that have been moved in or produced for commerce, to include, but not limited lawn care and construction equipment and supplies.

25. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

26. During all times material to this Complaint, Defendants failed to pay Plaintiffs and those similarly situated for all hours worked as prescribed by 29 U.S.C. § 206.

27. During all times material to this Complaint, Defendants violated the FLSA with respect to the Byble and the FLSA Class Members by, *inter alia*, failing to compensate them at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

28. During all times material to this complaint, Defendants knew that Byble and the FLSA Class Members are not exempt from the minimum wage and overtime obligations imposed by the

The Employee's Attorney.™ 

FLSA. Defendants also knew that they were required to pay Byble and the FLSA Class Members at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wage and overtime compensation to which Byble and the FLSA Class Members are entitled.

29. In violating the FLSA, Defendants acted without a good faith basis, unreasonably, willfully and recklessly in disregarding clearly applicable FLSA provisions.

30. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Byble and those similarly situated for the full amount of the required minimum wage and/or overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

**COUNT II: VIOLATION OF THE OHIO WAGE LAW**

31. Byble restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

32. The Ohio Wage Law requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

33. The Ohio Wage Law further requires that covered employees be compensated at a rate of not less than time and one half for all hours worked in excess of 40 hours per week. See O.R.C. §§ 4111.03, *et seq*.

34. During all times material to this complaint, Diamond was a covered employer required to comply with the Ohio Wage Law's mandates.

35. During all times material to this complaint, Byble was a covered employee entitled to individual protection of Ohio Wage Law.

The Employee's Attorney.™



36. Diamond violated the Ohio Wage Law with respect to Byble by, *inter alia*, failing to compensate him for all hours worked, or to pay Byble the minimum wage.

37. In violating the Ohio Wage Law, Diamond acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Law provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Edward Byble request judgment against all Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Diamond, who worked as laborers and/or as landscapers, as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

(b) Awarding to Byble and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(c) Awarding Byble and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(d) Awarding Byble and the FLSA Class Members such other and further relief as the Court deems just and proper;

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744



Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Edward Byble*

## **JURY DEMAND**

Plaintiff Edward Byble demands a trial by jury by the maximum number of jurors permitted.

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

