# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EDWARD BYBLE,**

    **Plaintiff,**

  v.                                Civil Action 2:17-cv-578
                                        Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

**DIAMOND CUT LAWN**
**& LANDSCAPE, LLC, et al.,**

    **Defendants.**

## ORDER

On October 11, 2017, this Court issued an Order noting that there is no record that service has been made upon Defendant and directing Plaintiff to show good cause within fourteen days why this action should not be dismissed and why an extension of time to effect service should be allowed. (Doc 6 (citing Fed. R. Civ. P. 4(m)). Plaintiff filed a response on October 25, 2017, moving for an extension until November 24, 2017, to effect service. (Doc. 9). The Court, in its discretion, allowed Plaintiff an extension of time to effect service until November 13, 2017. (Doc. 11). Thus, the Motion was granted in part. (*Id.*).

On November 14, 2017, Plaintiff filed a second Motion, this time requesting an extension until December 14, 2017, to effect service. (Doc. 11). Plaintiff also requested that the Court appoint its counsel as a process server under Rule 4(c)(3) of the Federal Rules of Civil Procedure. (*Id.*).

In ruling on Plaintiff's second Motion, this Court noted that Plaintiff demonstrated minimal effort in attempting to effect service in this case despite having some 140 days to do so. (*See, e.g.*, Doc. 9 at 1) (stating that counsel was unaware until the Court's Order on October 11, 2017, that service had not been effected). Consequently, the Court saw no reason to specially

appoint counsel for service or to extend the time for service by thirty days. However, the Court in its discretion allowed Plaintiff until November 24, 2017, to effect service. Thus, the Court granted the Motion in part. (Doc. 13). The Court noted that there would be no further extension of this deadline.

After the November 24, 2017 deadline passed and Plaintiff had still not effected service, this Court issued a Report and Recommendation on November 27, 2017, recommending that this action be dismissed. (Doc. 15). On December 11, 2017, Plaintiff filed an objection to the Report and Recommendation. (Doc. 22). Although Plaintiff argues that the Court should have extended the time for service, the thrust of his filing is to inform that Court that he "**has recently obtained service on each Defendant via a process server**...." (*Id*. at 1) (emphasis in original). The docket provides notice of service. (*See* Docs. 20 and Doc. 21). Based on the foregoing, Plaintiff's objection is construed as a Motion for Reconsideration. In light of the changed circumstances, Plaintiff's Motion is **GRANTED**. Thus, the Clerk is directed to terminate the pending Report and Recommendation, and this matter shall proceed in the typical course as governed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


Date: December 14, 2017                      /s/ Kimberly A. Jolson
                                                                           KIMBERLY A. JOLSON
                                                                           UNITED STATES MAGISTRATE JUDGE